## In re Application of J. Paul and Patricia A. Preseault

[321 A.2d 65]

No. 181-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 4, 1974

*Thomas & Alexander,* Burlington, and *Gravel, Shea & Wright,* Burlington, for J. Paul and Patricia A. Preseault.

*Paul, Frank & Collins,* Burlington, for adjoining property owners.

**Barney, C.J.** The extended history of this litigation is fully disclosed in previous opinions of this Court relating to it. See *In re Preseault,* 130 Vt. 343, 292 A.2d 832 (1972); *Wright v. Preseault,* 131 Vt. 403, 306 A.2d 673 (1973); *Preseault v. Wheel,* 132 Vt. 247, 315 A.2d 244 (1974). The case before us is a review of the proceedings after the remand in *In re Preseault, supra.* The other two cases relate to the rights of the Preseaults under building permits and the renewal thereof.

Procedurally, the issues before us are those raised by questions of law certified here for review by the Board, through its chairman. There were six certified, but since only three are briefed, we will confine our attention to those:

1. Did the Environmental Board commit reversible error by refusing to apply under 10 V.S.A., Section 6086 (a)(10) the local plan of the City of Burlington duly adopted under Chapter 91 of Title 24 on January 8, 1973?

3. Did Chairman Jackson, acting as hearing officer for the Environmental Board, commit reversible error by ruling that the evidence pertaining to the financial data required under Rule 6(i) of the Board would be received confidentially without any opportunity for participation by the adjoining property owners?

4. Did the Environmental Board commit reversible error by failing to make any findings concerning the sufficiency of the applicants' submission of financial data under Rule 6(i) of the Board?

Without entirely reviewing the facts, this case began with an application by the plaintiffs before the district environmental commission to build a 76 apartment complex in the form of duplexes on certain land they owned in the City of Burlington. Certain adjoining property owners objected and, after hearing, the application was denied. The matter was then appealed under 10 V.S.A. § 6089 to the Environmental Board for a *de novo* hearing. This was held, but the objecting adjoining property owners were not allowed to appear as parties. The Board ordered the issuance of the environmental permit. An appeal was taken to this Court where it was determined that the adjoining land owners had a sufficient interest to participate as parties and the matter was remanded for a new hearing with the adjoining land owners participating. *In re Preseault, supra,* 130 Vt. at 343.

After rehearing the matter the Board again approved the permit. Between the time of the original hearing and the second one, the subject of this review, Burlington adopted a municipal comprehensive master plan under the provisions of Title 24, Chapter 91, of Vermont Statutes Annotated. This came three days prior to the resumption of hearings under the remand. It is conceded that the Preseault project does not comply with the new master plan. On that basis, at the second hearing, it was argued by the adjoining property owners that the permit could not be granted as a matter of law, since 10 V.S.A. § 6086(a)(10) requires that the proposed development is in conformance with any duly adopted local or regional plan under Chapter 91 of Title 24. This is their principal argument for setting aside the Board's approval in this Court.

■ ■ Such a contention is, of course, flatly contrary to the policy expressed in 1 V.S.A. § 213. That section provides that acts of the general assembly, except those relating to competency of witnesses, practice in court or amendments of process or pleading shall not affect suits begun or pending at the time of passage. Since the authority to enact ordinances is considered to be derivatory from State authority, an ordinance stands no better than a statute, certainly, and subject to the same policy limitations. *Thompson* v. *Smith,* 119 Vt. 488, 501, 129 A.2d 638 (1957). Thus the intervening adoption of a master plan is, by itself, ineffective to derail proceedings validly brought and pursued in good faith to implement rights available under previous law.

The objecting parties seek to avoid this by reference to the direction of 10 V.S.A. § 6089 that the proceedings before the Board are *de novo*. They overlook the fact that it is the step from the district hearing to the hearing before the Board that is *de novo*, that had taken place long previous to the first appeal here and the remand. What the appellants must contend for is that the remand from this Court to the Board generated a new *de novo* hearing, and not as to factual issues but as to applicable law.

In support of this proposition they cite *Whitton* v. *Scott,* 120 Vt. 452, 144 A.2d 706 (1958), which stands for no such thing. That case dealt entirely with the right of the county court to deal with facts as they existed at the time of the *de novo* appeal from probate court. No interim change of law was involved and it was not a case applying any *de novo* concept to a remand from this Court to the county court. Whether the fact that the issue in that case was whether or not a mother had sufficiently regained her competency to retain custody of her own child would or should generate a stronger policy in favor of giving her the benefit of her most recent situation is not of moment in this case. Not only did the question arise at a completely different stage of the case, but the issue there was a change of facts, not law. The position of the Environmental Board affirming the applicable law as that pertaining at the first hearing was entirely sound, and consistent with the provisions of 1 V.S.A. § 213.

■ The other contention of the objecting parties relates to a question on the application form inquiring as to whether

or not a financial statement had been properly filed. The appellants complain that the Board made no findings with respect to finances and elected to treat any information received from the applicant as confidential.

If the information was, or became, relevant to any of the matters to be tried out before the Board, and impinged upon any proper interest of the objecting parties, these objections might have substance. But none of the ten requirements of 10 V.S.A. § 6086, or of any other section of subchapter 4 of Chapter 151, put any burden on the Environmental Board to either inquire about, or make findings on, the financial viability of the project. Indeed, financing may well be entirely dependent upon the outcome of the environmental proceedings.

A look at specific statutes reinforces the lack of relevance. 10 V.S.A. § 6083 defining what must be in applications makes no mention of financing. Even more significant are the provisions of 10 V.S.A. § 6087 restricting the power of the Board to deny an application and making no reference to financing, and 10 V.S.A. § 6088 allocating the burden of proof on the relevant issues between applicants and opponents. No mention is made with respect to financing. In fact, as the statutes read, financing or the lack of it is not a ground for granting or denying an application.

Whatever the reason the Board saw fit to inquire about financing, and however willingly the applicant may have answered, the mere fact of question and answer did not create an additional issue for decision by the Board, or yield a relevant supporting challenge by the opposing parties. The propriety of the inquiry to the applicant or his compulsion to answer are not for the appellant to raise, and are not at issue in this case. No error appears.

*The certified questions set out in the opinion are all answered in the negative. The order of the Environmental Board granting the permit to the appellees is affirmed.*