# Herbert O. Smith, d/b/a Smith Meadows v. Winhall Planning Commission

[436 A.2d 760]

No. 362-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

*Lawrence G. Slason* of *Salmon and Nostrand,* Bellows Falls, for Plaintiff.

*Evans, O'Neil & Chamberlain, Ltd.,* Manchester Center, for Defendant.

Larrow, J. Herbert O. Smith, as owner of the property involved, applied to the Winhall Planning Commission for approval of a proposed subdivision adjacent to Gale Meadows Lake. The application was denied for claimed noncompliance with existing zoning regulations. Smith appealed to the Bennington Superior Court, which reversed the decision of the Planning Commission. A resulting notice of appeal to this Court was filed by the Planning Commission.

An initial question presents itself, although not raised by the parties. It is at best doubtful that the Planning Commission, as such, has standing to appeal a reversal of its own decision. Its decisions are appealable in the same manner as decisions of a zoning board of adjustment. 24 V.S.A. § 4475. Those are governed by 24 V.S.A. § 4472, which speaks in terms of appeals "by an interested person." The tribunal making the initial decision can scarcely be said to meet that qualification. And, while some of our previous opinions would indicate, from their titles, an approval of such procedure, analysis of their facts indicates that the appeal to this Court was taken by the town involved, rather than the administrative board as such. See, e.g., *DeWitt v. Town of Brattleboro Zoning Board of Adjustment*, 128 Vt. 313, 262 A.2d 472 (1970); *Brassard Bros. v. Barre Town Zoning Board of Adjustment*, 128 Vt. 416, 264 A.2d 814 (1970). Absent the full briefing and consideration which this point merits, and in light of our affirmance of the judgment below in any event, we do not pass upon this question at this time. Entertaining the instant appeal, however, is not to be construed as confirmatory of the status of the purported appellant, or as precluding future denial of such status, either with or without appropriate motion.

The facts below were stipulated, and the legal issues involved were also the subject of agreement. The first question for determination is whether issuance of the requested subdivision permit was to be governed by the Winhall zoning regulations in effect at the time of application, or by subsequent amendments enacted during the pendency of litigation to compel its issuance. If, as we hereinafter hold, the application was governed by then existing regulations, the actions of the Planning Commission, under those regulations, is for judicial review. Other issues, not here material, were stipulated

for review should the amended regulations be held to be controlling.

The tract in question is adjacent to Gale Meadows Lake in the Town of Winhall. The subdivision application, filed October 31, 1978, set out a nine lot subdivision, five of which are within 500 feet of the lake shoreline. Each of these five lots is larger than one acre, but less than five acres. All are for residential use only. Following public hearing, the application was denied, and Smith appealed to the superior court. At the time of application, zoning regulations adopted March 1, 1977, were in effect. On March 6, 1979, the Town of Winhall adopted zoning amendments which would preclude the subdivision as planned, by requiring five acre minimum lots in the area. These amendments had not been either officially proposed or in process of enactment when the Smith application was filed. The stated reason of the Planning Commission for denying the application was its feeling that it was the intention of the zoning regulations that the area in question "be zoned five acres." The amended ordinance clearly manifests that intent, were it controlling. The 1977 ordinance is not as clear, and requires interpretation, should it be held controlling.

We are fully cognizant that the majority rule, so-called, supports appellant's position that neither the filing of an application for a permit nor issuance of the permit, even though valid and conforming to regulations, vest rights in the applicant against future changes in zoning regulations. Two major exceptions seem to be recognized, the first where there has been a substantial change of position, and the second where the amendment was enacted primarily to thwart the applicant's plans for development. See Annot., 50 A.L.R.3d 596 (1973). Both exceptions involve a factual determination virtually impossible to arrive at short of litigation, a feature which, in our view, emphasizes the undesirability of the rule generally. The minority rule, vesting rights under the then existing regulations as of the time when proper application is filed, is not without substantial support. See *Western Land Equities, Inc.* v. *City of Logan,* 617 P.2d 388 (Utah 1980); *Ben Lomond, Inc.* v. *City of Idaho Falls,* 92 Idaho 595, 448 P.2d 209, 215 (1968); *Gibson* v. *City of Oberlin,* 171 Ohio St. 1, 167 N.E.2d 651 (1960). The minority rule is, we feel, the

more practical one to administer. It serves to avoid a great deal, at least, of extended litigation. It makes for greater certainty in the law and its administration. It avoids much of the protracted maneuvering which too often characterizes zoning controversies in our communities. It is, we feel, the more equitable rule in long run application, especially where no amendment is pending at the time of the application, as here.

■■  And, even apart from these considerations, we are confronted by the provisions of 1 V.S.A. § 213, dealt with by Chief Justice Barney in *In re Preseault*, 132 Vt. 471, 321 A.2d 65 (1974). There a master plan was adopted by the community after permit application but before eventual decision. The principle involved there did not differ in any significant detail from the instant case, and we there held:

> Such a contention is, of course, flatly contrary to the policy expressed in 1 V.S.A. § 213. That section provides that acts of the general assembly, except those relating to competency of witnesses, practice in court or amendments of process or pleading shall not affect suits begun or pending at the time of passage. Since the authority to enact ordinances is considered to be derivatory [*sic*] from State authority, an ordinance stands no better than a statute, certainly, and subject to the same policy limitations. *Thompson* v. *Smith,* 119 Vt. 488, 501, 129 A.2d 638 (1957). *Thus the intervening adoption of a master plan is, by itself, ineffective to derail proceedings validly brought and pursued in good faith to implement rights available under previous law.* (Emphasis added.)

*Id.* at 474, 321 A.2d at 66.

■  The proceedings here were "validly brought and pursued in good faith" to implement the applicant's rights. Assuming those rights to be contained in the regulations existing when the application was filed, we concur with the trial court that the attempted derailment was ineffective. A right cannot be denied, or an official action arbitrarily and capriciously postponed, for the purpose of passing a prohibitory enactment. See *Corcoran* v. *Village of Bennington,* 128 Vt. 482, 492, 266 A.2d 457, 464 (1970).

With our holding, *supra,* that the zoning regulations in effect when the application was filed governed, the next consideration (as the parties have stipulated) is a review of the actions of the Planning Commission in light of the agreed facts and exhibits. Appellant seeks to justify those actions because one acre density under § 207.1(c) is unenforceable as inconsistent with the Town Plan, or because the zoning ordinance is "ambiguous in its entirety" and subject to corrective interpretation by the Planning Commission. We disagree, and note in passing that "corrective interpretation" is, in our judgment, merely a euphemistic appellation for capricious action based upon individual opinion rather than express legislative provisions.

The Winhall Town Plan, adopted in April 1974, quite clearly recommended that the area involved here be classified as Agricultural and Rural Residential, with building density not greater than one unit per five acres. That zonal restriction is carried forward in § 202 of the Zoning Regulations subsequently enacted, and in force at the time of the application. But § 207.1 of the Regulations set up land within 500 feet of the shoreline of Gale Meadows Lake as a Special Purpose Zoning District, permitted residential use no closer than 200 feet from the shoreline, and set up lot size and similar requirements "to be the same as for residential use in Section 206." Section 206 clearly requires only a one acre lot area for residential use. No mistake or ambiguity appears. The reference in § 207.1(c) is to "residential" use, rather than to "agricultural and rural residential," as it would be were it intended to refer to § 202. Interpretation is not required, or permitted, where the language is plain. *Kalakowski* v. *John A. Russell Corp.,* 137 Vt. 219, 223, 401 A.2d 906, 909 (1979). The regulations as adopted may indeed be inconsistent with the Town Plan, but the total consistency upon which this argument is predicated is not a legal requirement. The plan is a general guideline to the legislative body, an overall guide to community development. Partial implementation is not unusual; the specific implementation is the part adopted in the zoning regulations. *Id.* at 225, 401 A.2d at 910. The regulations control the plan. See 3 R. Anderson, American Law of Zoning § 21.15 (2d ed. 1977). Indeed, as the trial court correctly

found, the regulations as adopted differed from the plan in several material aspects. The trial court properly directed the Winhall Planning Commission to issue the requested sub-division permit.

Appellant's last objection relates to Paragraph 4 of the judgment order entered below. Below, and here, it claims that it is not within the purview of the stipulated issues. The paragraph in question, in substance, is a finding and order that the development is in conformance with "the duly adopted capacity and development and land use plan for the Town of Winhall," because the Town Plan is only an overall guide and only partially implemented. This is, as we view it, the substance of our holding. As a result, no prejudice to appellant is made to appear, even though the stipulation does not encompass Paragraph 4.

*Affirmed.*