## In re Raymond F. Ross, Lois K. Ross and Rochelle Levy

[557 A.2d 490]

No. 87-565

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed January 27, 1989

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Plaintiffs-Appellants.

*Kristensen, Cummings, Murtha and Stewart, P.C.*, Brattleboro, for Defendant-Appellee.

*Jeffrey L. Amestoy, Attorney General,* and *John H. Hasen, Assistant Attorney General*, Montpelier, for amicus curiae.

**Dooley, J.** This is an appeal of a decision of the Environmental Board made pursuant to 10 V.S.A. § 6089(b). The Board de-

nied appellants favorable Act 250 review of their development under certain criteria of Act 250. We affirm.

Appellants own land in Dover, Vermont. The Town of Dover has no zoning ordinance but does have a town plan adopted in 1985 and amended that year and in 1986. On January 28, 1987, the Dover Planning Commission held a public hearing to discuss amending the town plan. The proposed plan involved significant reduction in the overall density of development. Raymond Ross, an appellant here, voiced his displeasure with the revised plan at that meeting.

On February 17, 1987, while the plan amendment was still pending in the town, appellants filed a permit application under Act 250, 10 V.S.A. ch. 151, with the District 2 Environmental Commission in order to construct a project consisting of fifteen commercial units and 51 residential units. Appellants requested that the review of this application be limited pursuant to 10 V.S.A. § 6086(b). That section allows an applicant to request that review of its development proposal be conducted first under only two of the ten Act 250 criteria. These criteria are contained in 10 V.S.A. § 6086(a)(9) and (10) and deal with the conformance of the development with local, regional and state plans and certain related considerations. The request was made in conformity with Environmental Board Rule 21, "Order of Evidence—Partial Review." After hearings, the Commission issued an order on April 10, 1987, stating that they were "unable to make findings under subdivisions (9) and (10) of subsection (a)" of 10 V.S.A. § 6086 because the information before it was insufficient to do so. The Commission therefore deferred a ruling under the two specific criteria "until a complete application has been received and reviewed." It went on to state that if the applicants wanted a ruling solely on the two criteria, the ruling would be negative because the evidence "was very inadequate" and that any further review would be based on the town plan in effect at the time of the review.

Appellants appealed to the State Environmental Board. While the matter was pending before the Board, the town amended its plan. The proposed development is inconsistent with the revised plan. The Board affirmed the Commission ruling that the Commission had the authority under 10 V.S.A. § 6086(b) to require a filing covering all Act 250 criteria before ruling on the plan conformance criteria; and that the later town plan would now govern

because the original application was incomplete and because the submission was made while the plan amendment was pending.

Two issues are before us on this appeal. The first issue is whether appellants' application was sufficiently "complete" that it created a vested right to have the development reviewed under the town plan in effect at the time that the application was submitted. The second issue is whether a "complete" Act 250 application, submitted following a proposal to amend a town plan, may be reviewed under the later adopted town plan. Since we held that the application in the case at bar, made pursuant to 10 V.S.A. § 6086(b), was not sufficiently complete to create a vested right, we do not reach the second issue.

Both parties agree that this case turns on our law of "vested rights" as set forth in *Smith* v. *Winhall Planning Commission*, 140 Vt. 178, 436 A.2d 760 (1981), and most recently in *In re McCormick Management Co.*, 149 Vt. 585, 547 A.2d 1319 (1988). In *Smith*, a landowner had applied for approval of a subdivision and was denied because, after he had made his application, the town changed its zoning law. The landowner in that case had no knowledge of the planned change before he made his application. A question before the Court was "whether issuance of the requested subdivision permit was to be governed by the Winhall zoning regulations in effect at the time of application, or by subsequent amendments enacted during the pendency of litigation to compel its issuance." 140 Vt. at 180, 436 A.2d at 761. In *Smith* we adopted the "minority rule" that a landowner's right to have his project's permit reviewed vested "as of the time when *proper application* is filed." *Id.* at 181, 436 A.2d at 761 (emphasis added). We adopted this rule in large part because it is easier to administer. *Id.* at 181-82, 436 A.2d at 761.

*Smith* should not be interpreted as an open-ended right to "freeze" the applicable regulatory requirements by proposing a development with inadequate specificity. In *In re McCormick Management Co.*, we limited *Smith* to instances where some zoning regulation existed at the time of the application. In doing so, we analyzed the issue as balancing competing policy interests; there, the town's interest in orderly physical development of the community against the individual's interest in reaping rewards from a permit and acts in reliance on it. In looking at this balancing process, we reemphasized the teachings of *Vermont Brick &*

*Block, Inc.* v. *Village of Essex Junction,* 135 Vt. 481, 483, 380 A.2d 67, 69 (1977):

> A prime purpose of zoning is to bring about the orderly physical development of the community by confining particular uses to defined areas. Nonconforming uses are inconsistent with that purpose and are tolerated only because they are antecedent to the zoning regulation. A goal of zoning is to gradually eliminate these uses.

*McCormick Management,* 149 Vt. at 589, 547 A.2d at 1322 (citations omitted). We also noted that the legislative mandates, to the extent they existed, protected development in reliance on a permit but gave no protection to " 'a planned or intended use without substantial improvement of the premises.' " *Id.* at 590, 547 A.2d at 1322 (quoting *Town of Chester* v. *Country Lounge, Inc.,* 135 Vt. 165, 167, 375 A.2d 414, 415 (1977)).

Neither the specific holding of *Smith* nor the policy considerations behind it as set forth in *McCormick Management* support a finding that appellants have a vested right to develop under the old version of the town plan in this case.[1] As we emphasized above, the *Smith* rule requires a "proper application." *Smith,* 140 Vt. at 181, 436 A.2d at 761. It is based on our holding in *In re Preseault,* 132 Vt. 471, 474, 321 A.2d 65, 66 (1974), that vested rights arise from "proceedings validly brought and pursued in good faith to implement rights available under previous law."

While 10 V.S.A. § 6086(b) authorizes review under only two of the Act's criteria as an initial step, it nowhere gives the applicant the right to submit an application providing information on only those two criteria and consider that "complete" for purposes of establishing vested rights. Indeed, § 6086(b) sets a time limit for Commission action once it has held hearings on a "complete application." The use of that term makes sense only if it means that the applicant must submit an application covering all of the Act

---

[1] For purposes of this appeal, we will assume that *Smith,* a case involving local subdivision regulations, applies to Act 250 proceedings. The main antecedent to *Smith, In re Preseault,* 132 Vt. 471, 321 A.2d 65 (1974), involved Act 250 proceedings. As in this case, the issue in *Preseault* was whether the applicant had to comply with an amendment to a municipal plan adopted after the Act 250 application was filed. Unlike this case, however, the plan amendment in *Preseault* occurred after the permit had been approved based on a full hearing before the Environmental Board but before a rehearing.

250 criteria.[2] Further, the Board found that an "application filed for partial review pursuant to 10 V.S.A. § 6086(b) . . . is not a complete application." We will give great deference to the Board's interpretation of the statutory scheme since it is the agency charged with the implementation of that scheme. See *In .re Agency of Administration,* 141 Vt. 68, 74-75, 444 A.2d 1349, 1351-52 (1982). Thus, we can not find that appellants submitted a complete application in this case so that they have a vested right to review in accordance with the now-superseded town plan under *Smith.*

Even if appellants' application were deemed "complete" for Act 250, we are unwilling to apply *Smith* where the purposes behind it weigh so heavily against the creation of a vested right. Appellants have not challenged the Commission's determination that they failed to offer sufficient evidence for the Commission to find that they meet any of the Act 250 criteria.[3] Thus, appellants are attempting to base a vested right on an application that was properly denied because appellants failed to supply sufficient information to enable the Commission to render a decision. To give effect to this filing is to elevate form over substance to a degree unnecessary to create "certainty in the law and its administration." *Smith,* 140 Vt. at 182, 436 A.2d at 761. Moreover, appellants have done nothing in reliance on the preexisting requirements, beyond the submission of an insufficient application, to

[2] Despite the plain meaning of § 6086(b), appellants rely on Environmental Board Rule 10(D) for the proposition that an application is deemed complete once a hearing is scheduled on it by the district commission staff. We take this rule as a policy statement that the issue before the Commission during any hearings is whether the applicant has met its burden of proof on the criteria involved rather than whether it has put all the proper information in its application. See 10 V.S.A. § 6088(a) (applicant has the burden of proof on compliance with § 6086(a)(9) and (10)). This is a reasonable policy because the applicant should be able to take advantage of the information it provides during the hearing. This rule to create orderly procedure should not, however, determine when vesting occurs. Indeed, it can not have that effect because it means that all denials for inadequate information are denials on the merits and an application denied on the merits can create no vested rights.

[3] Appellants did argue before the Board that the Commission did not have the power to require them to submit an application covering the first eight Act 250 criteria before ruling on their compliance with criteria 9 and 10. The Board ruled that § 6086(b) gave the Commission the power to defer decision on the two criteria until the appellants submitted an application and went forward on all criteria. Appellants have not appealed that ruling to this Court.

warrant any protection. On the other hand, the orderly processes of town government are frustrated when a landowner can easily avoid regulatory requirements by submitting a request for a permit based on partial and insufficient information. Allowing vested rights to develop under the old plan in such a situation would actually work to promote nonconforming uses rather than eliminate them.

Because we hold that appellants acquired no vested rights based on the application they submitted, we do not have to reach the alternative holding of the Board that the *Smith* rule does not apply as to plan changes that are in the adoption process at the time the application is submitted.

*Affirmed.*