915 A.2d 282 (2006)
2006 VT 132
In re Appeal of JOLLEY ASSOCIATES (Town of Shelburne, Appellant).
No. 05-196.
Supreme Court of Vermont.
December 15, 2006.
*284 Merideth Wright, J.
Joseph S. McLean of Stitzel, Page & Fletcher, P.C., Burlington, for Appellant.
Howard J. Seaver of Greene, Seaver & Carver, P.C., Burlington, for Appellee.
Present: REIBER, C.J., DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.
BURGESS, J.
¶ 1. The Town of Shelburne appeals an Environmental Court ruling on summary judgment that allows Jolley Associates ("Jolley") to proceed with its application for a proposed gas station and convenience store on Route 7 in Shelburne. The Town argues that the court exceeded its jurisdiction and that further consideration of Jolley's proposed development should be precluded because its conditional use application was already once denied on the merits. We affirm.
¶ 2. This is the second appeal arising from Jolley's application for this project. Jolley submitted its conditional use application five days before the effective date of a 1997 amendment to the Town's zoning scheme that excluded gas stations from the residential-commercial district at issue. The filing included a site plan but no formal site plan application. The Environmental Court ruled that the conditional use application, filed after enactment of the amendment but before its effective date, should be reviewed under the terms of the new regulation rather than the old. We reversed, holding that a permit applicant enjoyed a vested right to review under the rules still in effect at the time of application, provided that the application is "validly brought and pursued in good faith." In re Handy, 171 Vt. 336, 351, 764 A.2d 1226, 1239 (2000) (internal quotations omitted). The case was remanded to the Town's zoning board of adjustment (ZBA) for consideration of Jolley's application under the doctrine of vested rights, subject to review by the Environmental Court. Id. at 351, 764 A.2d at 1239.
¶ 3. On remand, the ZBA determined that Jolley had no vested right to review of its application under the 1995 bylaws that would have allowed the proposed use.[1] Jolley again appealed to the Environmental Court. The Environmental Court bifurcated the proceedings to first consider the vested rights question and then to proceed, if necessary, with an evidentiary hearing on the merits of the application. In a March 7, 2002 decision, the court concluded that Jolley's application was "validly brought and pursued in good faith" such that Jolley was entitled to have its application considered on the merits under the older version of the bylaws. Following a subsequent merits hearing, the Environmental Court issued an order on May 3, 2002, denying the conditional use permit on two grounds: (1) the proposal improperly included two principal structures  a building and separate canopy over the gas pumps  in violation of the Town's 1995 zoning bylaws, and (2) Jolley *285 failed to show that the proposal would not adversely affect all site plan bylaws then in effect  a requirement of conditional use approval  including bylaws regarding site plan standards for on-site circulation, landscaping and screening, and anticipated glare. The court further stated:
This appeal is concluded and hereby closed on the docket, without prejudice to its being reopened upon motion filed within 45 days after any further decisions have issued from the Planning Commission and/or the ZBA on any further applications filed by this applicant for this project; in particular any application . . . for site plan approval and any application to the ZBA under § 210.6.[2]
(Emphasis added.) Neither party appealed this decision.
¶ 4. In June 2003, Jolley submitted a site plan application to the Town zoning administrator. The zoning administrator denied the application on the grounds that the site plan included a gas station, a use no longer allowed under the new zoning rules. Jolley appealed to the ZBA, which agreed that Jolley had no vested right to site plan review under the old bylaws and upheld the zoning administrator's decision. Jolley appealed to the Environmental Court.
¶ 5. The Environmental Court concluded that because Jolley had a vested right to its proposed conditional use, it also had a right to site plan review of the proposal. However, unlike conditional use, the site plan application would not be reviewed under the old bylaws because Jolley had not filed a site plan application before the bylaws were amended. The court ordered that the site plan application be forwarded to the planning commission with instructions to review the site plan under the applicable 2003 site plan bylaws. Implicit in this holding was the court's acceptance that Jolley retained a vested right to seek approval of the proposed use even after its initial conditional use application had been denied. The court attempted to clarify its earlier denial "without prejudice," explaining that the denial of Jolley's conditional use application at that time "was specifically without prejudice to [Jolley]'s submittal of its application for site plan approval to the Planning Commission." Thus, although the Town prevailed in the dispute over whether the old bylaws or new bylaws would govern site plan review (the Environmental Court ruled that the new rules applied), the Town appeals the court's order that the site plan application be considered at all.
¶ 6. The Town claims on appeal that the Environmental Court erred by: (1) exceeding its jurisdiction in reaching issues beyond Jolley's statement of questions, and (2) ordering Jolley's site plan application to proceed despite the court's earlier denial of Jolley's conditional use application on the merits. We affirm, concluding that the court did not exceed its jurisdiction and that the court's denial of Jolley's conditional use application did not extinguish its vested right to application of the earlier conditional use bylaws.
¶ 7. We review a grant of summary judgment by applying the same standard as the trial court and will affirm if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In re Curtis, 2006 VT 9, ¶ 2, 179 Vt. ___, 896 A.2d 742 (mem.). The court's interpretation of zoning ordinances is reviewed for clear error. Id. Conclusions of law are reviewed *286 de novo. In re Beckstrom, 2004 VT 32, ¶ 9, 176 Vt. 622, 852 A.2d 561 (mem.).

I.
¶ 8. We first consider whether the Environmental Court exceeded its jurisdiction by addressing matters beyond the literal language of Jolley's stated questions: (1) "Should Jolley's site plan be reviewed under the 1995 Bylaws?" and (2) "Does the decision appealed from represent a violation of [the Environmental Court's order] dated May 3, 2002?" The Town argues that the Environmental Court should have ended its discussion regarding Jolley's site plan application once it determined that the 2003 site plan bylaws were the applicable standard for review. According to the Town, the court improperly reached the question of whether the zoning administrator erred by declining to forward the application to the planning commission when that question was not before the court. We disagree.
¶ 9. As a general rule, "the [E]nvironmental [C]ourt is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal." In re Garen, 174 Vt. 151, 156, 807 A.2d 448, 451 (2002); see also V.R.E.C.P. 5(f) ("appellant may not raise any question on the appeal not presented in the statement [of questions]"). The Town's reliance on Garen as a limit to the Environmental Court's jurisdiction in this matter is misplaced. Garen addressed, inter alia, whether intervenors are prohibited from filing their own statement of issues on appeal. We concluded that, because Vermont Rule of Civil Procedure 76(e)(4)(B) expressly limited the filing of the statement of questions to the appellant, intervenors are permitted only to argue issues raised by a principal party. Id.[3] The issue here is distinguishable because the Environmental Court did not reach distinct issues beyond Jolley's statement of questions, but rather addressed matters intrinsic to Jolley's question of whether its site plan should be reviewed under the 1995 bylaws. The literal phrasing of the question cannot practically be considered in isolation from the zoning administrator's action that prompted the appeal. Because the zoning administrator declined to forward the application to the planning commission for review on the basis that Jolley had no vested right to site plan application review, the question presented necessarily encompassed the underlying question of whether Jolley had a such a right. See In re Hignite, 2003 VT 111, ¶ 9, 176 Vt. 562, 844 A.2d 735 (mem.) (construing statement of questions liberally in favor of party exercising appeal rights). We therefore conclude that the court did not exceed its jurisdiction by considering whether Jolley's vested right to conditional use included a right to site plan review in answering the question of whether Jolley's site plan should be reviewed under the old or new bylaws.

II.
¶ 10. We turn to the remaining issue of whether the 2002 denial of Jolley's conditional use application on the merits extinguished its vested right to application of the earlier conditional use bylaws. The Town argues that the Environmental Court's denial of the application "without prejudice" was improper and that under the successive application doctrine Jolley lost its vested right when its application was denied.
*287 ¶ 11. Zoning rights generally vest at the time of application. Smith v. Winhall Planning Comm'n, 140 Vt. 178, 181-82, 436 A.2d 760, 761 (1981). We adopted the Smith rule to avoid numerous and protracted litigations because, at any given time, permits are in varying stages. See Smith, 140 Vt. at 182, 436 A.2d at 761 (citing avoidance of "extended litigation" and "protracted maneuvering" as reasons for adopting the minority rule). We noted in Smith that this was "the more equitable rule in long run application, especially where no amendment [was] pending at the time of the application." Id. We have cautioned, however, that a developer must submit a "proper application" before acquiring a vested right. In re Ross, 151 Vt. 54, 57, 557 A.2d 490, 492 (1989). There is no dispute that Jolley acquired a vested right to consideration of its proposed use by filing its February 6, 1997 conditional use application. This case requires us to decide whether Jolley continued to retain this vested right after the conditional use application was denied on the merits but "without prejudice" to Jolley's ability to submit further applications for the project.
¶ 12. Though "res judicata does not apply to administrative proceedings as an inflexible rule of law, the principles of res judicata and collateral estoppel generally apply in zoning cases as in other areas of the law." In re Carrier, 155 Vt. 152, 157-58, 582 A.2d 110, 113 (1990) (citation omitted). The general rule, then, is that "a zoning board or planning commission may not entertain a second application concerning the same property after a previous application has been denied, unless a substantial change of conditions had occurred or other considerations materially affecting the merits of the request have intervened between the first and second application." Id. at 158, 582 A.2d at 113 (internal quotations omitted). One change in conditions sufficient to allow for consideration of a successive application is "when the application has been substantially changed so as to respond to objections raised in the original application or when the applicant is willing to comply with conditions the commission or court is empowered to impose." Id. We recently considered the significance of the Environmental Court's "denial without prejudice" of a zoning application, and concluded that the phrase is no more than an expression of the successive application doctrine and confers no greater right to reapply than is allowed by that doctrine. In re Armitage, 2006 VT 113, ¶ 6, ___ Vt. ___, ___ A.2d ___.
¶ 13. Jolley argues that the Environmental Court did not outright deny its application, but withheld approval pending consideration by the town planning commission of its site plan application, in something analogous to a remand. We held in In re Maple Tree Place that a trial court was within its discretion to close its proceedings and allow the matter to be heard by the proper municipal body before making a final judgment. 156 Vt. 494, 498-99, 594 A.2d 404, 406 (1991). The use of remand in zoning cases is now provided for by the recently adopted Rules for Environmental Court Proceedings. See V.R.E.C.P. (5)(i) (providing for remand for reconsideration at any time before judgment). Remand is appropriate to return the matter to the Town for further consideration if the proposed use or site plan, or both, were incomplete, inadequate or subject to a different approach, or if it appeared that the project was denied due to an erroneous evaluation. See Maple Tree Place, 156 Vt. at 499, 594 A.2d at 406-07 (citing examples appropriate for remand).
¶ 14. We agree with Jolley that, with respect to compliance with site plan bylaws, the Environmental Court's 2002 *288 holding was in essence, if not technically, a remand. First, the Town's bylaws allowed for the filing of a conditional use application prior to the filing of a site plan application. It would be incongruous to require that the applicant fully litigate its site plan application before it has filed the application. Second, the court anticipated that Jolley would submit a site plan application to the ZBA when it stated that its decision was "without prejudice to [Jolley's] submittal of its application for site plan approval to the Planning Commission." By this statement, the court indicated that it did not intend to finally resolve the issue of site plan compliance. The court stated only that there was insufficient evidence at the present time to "make the positive finding that the application will not adversely affect" the site plan bylaws. We thus conclude that the issue of site plan compliance was not finally determined by the May 2002 decision.
¶ 15. We do not similarly view the court's opinion concerning the proposed canopy as a withholding of final judgment. The question of the canopy's compliance was simply a legal determination of whether the canopy was a "principal structure." The court concluded that it was but denied the application "without prejudice to [Jolley's] proceeding with the project without the canopy." The court went on to state that Jolley "may choose whether to proceed with the project with gasoline service and its attendant lighting and fire suppression systems contained in a smaller housing over each pump island." Alternatively, the court could have granted approval of the application conditioned on removal of the canopy. See 24 V.S.A. § 4464(b)(2) ("In rendering a decision in favor of the applicant, the panel may attach additional reasonable conditions and safeguards as it deems necessary. . . ."); In re Miller, 170 Vt. 64, 73, 742 A.2d 1219, 1226 (1999) ("Functioning as the zoning board on appeal, the court has broad discretion in fashioning permit conditions in connection with conditional use approval."). In this case the court did not grant conditioned approval, perhaps because of the alternative bases for denying the application and its apparent belief that a denial without prejudice could accomplish the same ends. While we do not conclude that the denial of an application preserves any right to reapply beyond that permitted by the successive application doctrine, Armitage, 2006 VT 113, ¶ 6, we nevertheless conclude that Jolley retains a vested right to refile a conditional use application under the old bylaws.
¶ 16. Ordinarily, denial of a zoning application requires that the applicant file a new application that substantially revises its proposal to "address[ ] all concerns that prevented approval of the prior application." Armitage, 2006 VT 113, ¶ 4. The newly filed application is then subject to the bylaws in effect at the time of its filing. Smith, 140 Vt. at 181-82, 436 A.2d at 761. In Ross, we held that the filing of an incomplete Act 250 application, later denied, left the applicants with no vested right. 151 Vt. at 57, 557 A.2d at 492. In so holding, we stated our concern that landowners not be able to "easily avoid regulatory requirements by submitting a request for a permit based on partial and insufficient information." Id. at 59, 557 A.2d at 492-93. Here, by contrast, the application was completed and our concern for easy avoidance is lessened. Further, the identified concern that required revision  removal of the canopy  was spelled out by the court; a reapplication would not require the sort of substantial revision that should dictate a loss of vested rights. Finally, Jolley could have reasonably relied on the court's representation that the denial would not prevent it from reapplying without the canopy when it did not appeal *289 that decision. For these reasons we decline to find that the 2002 denial extinguished Jolley's vested right.
¶ 17. Having concluded that Jolley retained a vested right to refile a conditional use application under the old bylaws, we also conclude, and the Town does not dispute on appeal, that Jolley's vested right to conditional use includes a right to site plan review under the bylaws in effect at the time the site plan application was filed. Therefore, the Environmental Court's order that the site plan application be reviewed by the planning commission was not in error.
Affirmed.
NOTES
[1] Jolley provided the full opinion of the ZBA in its supplemental printed case. The Town moved to strike the ZBA's opinion along with a letter from the zoning administrator also included in the supplemental printed case. Because we need not consider either document to reach our decision, the Town's motion to strike is denied as moot.
[2] Section 210.6 provides the ZBA authority to extend boundary lines in the residential-commercial district by conditional use permit.
[3] Rule 76(e)(4)(B), now repealed, has been carried forward in substantial part in the 2005 adoption of the Vermont Rules of Environmental Court Proceedings. See V.R.E.C.P. 5(f).