Superior Court of Vermont
Environmental Division

=============================================================================
E N T R Y   O R D E R
=============================================================================

Woodstock Community Trust & Housing Vermont      Docket No. 203-10-09 Vtec
Project:     Woodstock Road PUD
Applicant:    Woodstock Community Trust, Inc.
                               Municipal DRB Planned Unit Development

Cross-Motions for Summary Judgment, Nos. 3 & 4

Two appeals are pending involving a 36-unit housing development in West Woodstock.  This Court issued a decision on a prior application for the project property in In re Woodstock Community Trust and Housing Vermont PRD, No. 100-5-07 (Vt. Envtl. Ct. Oct. 15, 2008.)  The 2008 decision determined that some aspects of the prior proposal met the standards of the municipal ordinance, while other aspects of the prior proposal did not meet the applicable review standards.  Question I of the Statement of Questions in the present municipal appeal, No. 203-10-09 Vtec, involves whether this case presents an impermissible successive application.  It has been submitted to the Court on cross-motions for summary judgment.

The statute allows, but does not require,  an appropriate municipal panel such as the DRB, and hence this Court in this de novo appeal, to "reject an appeal or request for reconsideration . . . if the [DRB] considers the issues raised by the appellant in the appeal have been decided in an earlier appeal or involve substantially or materially the same facts . . . ." 24 V.S.A. § 4470.  The Vermont Supreme Court has explained that a municipal panel should "not entertain a second application concerning the same property after a previous application has been denied, unless a substantial change of conditions ha[s] occurred."  In re Armitage, 181 Vt. 241, 244 (2006) (citing In re Carrier, 155 Vt. 152, 158 (1990)).  The substantial change in conditions may involve an extrinsic occurrence, not at issue in the present appeal,  such as a change in the zoning ordinance applicable to the project, or a widening or re-routing of a neighboring roadway.

Equally, the requisite substantial change may be a change in the project design to address the reasons for which the first application was denied.  That is, a municipal panel may consider a successive application "when the application has been substantially changed so as to respond to objections raised in the original application or when the applicant is willing to comply with conditions the commission or court is empowered to impose." In re Jolley Associates, 2006 VT 132, ¶ 12, 181 Vt. 190 (quoting In re Carrier, 155 Vt. at 158); see also, e.g., In re McGrew, 2009 VT 44, ¶ 10 ("[A] local planning agency or court may consider a second application which has been

substantially changed to respond to objections to the first."); <u>In re Dunkin Donuts S.P. Approval (Montpelier)</u>, 2008 VT 139, ¶ 8 (By "address[ing] all concerns that prevented approval of the prior application," an applicant is not bound by the previous denial and may resubmit a proposal to the appropriate municipal panel.).

Exhibit A to Appellee-Applicant's motion contains the application's narrative describing the changes to the proposed project; it includes a section specifically relating the changes in the application to specific paragraphs of the Court's 2008 decision addressing the reasons for which the former application was denied. The application now before the Court has been redesigned or changed to address the concerns that prevented approval of the prior application. Accordingly, Appellants' motion for summary judgment to dismiss this application as an impermissible successive application is DENIED. This determination simply means that the application can proceed to its merits in this Court; it is not a ruling as to whether any redesigned element of the project now meets the applicable review standards.

As discussed at the telephone conference held on July 12, 2010, the dates of October 20, October 21, and October 29 may be available to begin the trial (otherwise scheduled for November 1 through 4) on an earlier date, as preferred by Appellee-Applicants. The parties agreed to move the trial up to begin on the earliest available of those dates, and to check with their witnesses as to whether those dates are available in the witnesses' schedules. On or before July 20, 2010, the parties shall report any unavailable dates in writing to the Court.

Also as discussed at the telephone conference, the parties may file as prefiled testimony or evidence any testimony or evidence presented at the hearing of the earlier case. Supplemental direct testimony may be presented from any witness whose prefiled testimony is filed, and all witnesses shall be made available at trial for cross-examination. On or before September 3, 2010, the parties shall provide each other and the Court with a list of what prefiled testimony or evidence they propose to submit. A telephone conference has been scheduled for September 13, 2010, to discuss the proposed prefiled testimony and exhibits.

_____    _July 13, 2010_____
                Judge                                  Date
==================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
   Attorney Kaveh S. Shahi for Appellants
   Attorney C. Daniel Hershenson for Appellees Woodstock Community Trust,
     Inc., and Housing Vermont
   Attorney Todd C. Steadman for Town of Woodstock
   Attorney Mark L. Lucas for NRB Land Use Panel, for information only