STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Vanishing Brook Subdivision | } | Docket No. 223-10-07 Vtec |
| (Appeal of Hemmeter) | } | |

### Decision and Order on Motions to Dismiss

Appellant Susan Hemmeter appealed from a decision of the Development Review Board (DRB), of the Town of Warren, relating to approval of the final mylar plat for the so-called "Vanishing Brook" seven[1]-lot subdivision (Application #2007-01-SD) proposed by Appellee-Applicants Danforth and Elizabeth[2] Newcomb. Appellant is represented by Paul S. Gillies, Esq., Appellee-Applicants are represented by Carl H. Lisman, Esq., and the Town of Warren is represented by Elizabeth H. MaGill, Esq.

Appellee-Applicants have moved to dismiss Appellant for lack of standing, and also have moved to dismiss the remaining questions[3] in Appellant's Statement of Questions. We treat the motion to dismiss for lack of standing in part as a motion for summary judgment as facts are asserted by both parties with respect to Appellant's standing. The following facts are undisputed unless otherwise stated.

---

[1] A long, narrow sliver of land on the east side of Fuller Hill Road is designated as Lot 6 of the subdivision and is not proposed for development; rather, it is proposed to be conveyed to the landowner on that side of Fuller Hill Road, and is not in controversy in the present appeal. The minutes sometimes refer to the subdivision as a six-lot subdivision.

[2] The various warnings and minutes of DRB hearings refer to Ms. Newcomb as Alexandra or Alex.

[3] Question 3, relating to whether a meeting was properly warned, was withdrawn by Appellant, leaving only Questions 1 and 2.

1

Appellee-Applicants own an eighty-four-acre parcel of property in the Town of Warren, located between Fuller Hill Road and Route 100, with frontage along both roads and along a small segment of Main Street. At its June 20, 2007 hearing (the minutes of which were approved on July 18, 2007, and the written notice of decision for which was signed on August 3, 2007), the DRB approved Appellee-Applicants' Application #2007-01-SD for a subdivision. The subdivision consisted of five lots (Lots 1 through 5) with access from Fuller Hill Road, ranging from 7.6 to 13.9 acres in area and each proposed for a single-family dwelling; a sixth lot as described in footnote 1, above; and a seventh lot consisting of the remaining 34± acres of land, including Appellee-Applicants' existing house and garage, with access from Main Street. Four hearings were held on Application #2007-01-SD, the minutes of which have been provided to the Court. The agenda of each meeting shows that, after dealing with the specific applications warned for that meeting, the DRB's practice under the heading of "other business" is to review and approve the minutes of the previous meeting, and to review and sign any decisions, and/or to review and sign any mylars (final plat plans on a type of clear, flexible archival plastic, suitable for filing in the land records).

Appellant Susan Hemmeter is a member of the Town's Conservation Commission. She lives on Anne Burns Road to the southeast of the proposed subdivision. She participated in the hearings on Application #2007-01-SD on behalf of the Conservation Commission, primarily on the specific issue of protection of an area in the central portion of the property containing softwood forest considered to be deer habitat, and more generally regarding wildlife habitat and public access to recreational lands.

The June 20, 2007 DRB approval of the subdivision that was the subject of Application #2007-01-SD (reflected in the minutes signed on July 18 and in the August 3 notice of decision) was not appealed, and became final by September 5, 2007. The approval by its terms was "subject to the approval of the Subdivision Plat by the DRB," and stated

2

that "[p]rior to plat recording, the plat must be signed by at least two authorized members of the D[RB]." Finding/conclusion #25 in the August 3, 2007 written decision also defined the conservation area for the subdivision as the area "not defined for building, infrastructure or tree thinning" and stated that the "DRB asked that [the] conservation area be labeled on the final mylar," that is, on the final subdivision plat suitable for recording.

Because the parties have not provided the subdivision regulations, the Court cannot determine what the regulations require regarding the production of a final mylar copy of the approved subdivision plat for filing, after an applicant receives DRB approval of the final subdivision. Cf. In re Appeal of Gulli, 174 Vt. 580, 583 (2002) (appeal limited to approval of final parcel map).

The September 19, 2007 DRB meeting was warned and held for, among other applications, a separate application by the Newcombs: Application #2007-16-SD, which had been continued from the September 5, 2007 meeting and involved preliminary plan review of the Newcombs' three-lot minor subdivision of 36± acres off the south end of Main Street in Warren Village. This separate application appears to have been a further subdivision of the property that had been designated as the Newcombs' retained Lot 1 in the prior subdivision, and is not the action of the DRB that is at issue in the present appeal.

The minutes of the September 19, 2007 meeting reflect that Ms. Hemmeter participated in the portion of that meeting regarding Application #2007-16-SD, on the subjects of conservation areas, deeryards, and streams; there is no reason to conclude that her participation regarding Application #2007-16-SD was other than on behalf of the Conservation Commission.

However, under "Other Business" on September 19, 2007, after dealing with the signatures on the minutes of the prior meeting, the minutes state that the DRB:

> also review[ed] and signed the mylar (plat/plan) for the approved Newcomb 6-lot subdivision. Ms. Hemmeter raised the issue about whether or not there

3

had been a warning for the review and signing of the final plat, as it was her understanding that it had been modified since the last hearing.

The minutes go on to state, apparently in response to that issue, that:

> [t]he revisions had been discussed by the Board at the time of the approval and were ones proposed by the Conservation Commission. The Chair of the Conservation Commission[4] had reviewed the mylar prior to the meeting and confirmed that the modifications were there as discussed.

It is apparent from this text of the minutes, as well as from the affidavit of the Chair of the Conservation Commission, that Appellant participated in the "other business" aspects of the September 19, 2007 hearing with respect to Application #2007-01-SD on her own behalf and not on behalf of the Conservation Commission (as distinct from her earlier participation on Application #2007-16-SD).

The final subdivision plat or mylar for Application #2007-01-SD was signed "as approved by [the] Warren Development Review Board" with signatures of two DRB members, both dated September 19, 2007. As well as the areas depicted graphically on the mylar, the mylar contains references in its Notes 1 and 2 to the conservation restrictions applicable to all areas "not dedicated to building envelopes, thinning areas, and infrastructure." The minutes of the September 19, 2007 meeting were signed on October 17, 2007.

Appellant appealed the signing of the mylar by the DRB by bringing the present appeal of the DRB's September 19, 2007 action, claiming that the mylar is inconsistent with the final unappealed subdivision approval. Questions 1 and 2 of Appellant's Statement of Questions ask, in full:

---

[4] The Chair of the Conservation Commission is Margaret B. (Margo) Wade, whose affidavit reflects that Ms. Hemmeter, as a member of the Commission, was not asked by the Commission to present testimony to the DRB regarding Application #2007-01-SD on September 19, 2007.

4

1. Whether the plat approved by the Warren DRB on September 19, 2007 was materially inconsistent with the Subdivision Permit issued by the DRB on June 20, 2007.

2. Whether the inconsistency between the plat and the permit justifies the invalidation of the permit.

Appellant resides on Anne Burns Road, off Kathy Meyer Road, which intersects with Fuller Hill Road approximately eight-tenths of a mile southeast of the proposed subdivision roadway. Appellant will not be able to see the development area of the subdivision from her property due to the topography and relative orientation of the area between the subdivision and Appellant's property. Fuller Hill Road intersects with Main Street to the northwest, in Warren Village, approximately a half mile from the subdivision roadway. Because Main Street gives access to the village center and to Route 100, the major roadway for traffic to and from the local area, most of the traffic generated by the five new houses in the subdivision will travel towards Main Street rather than towards the intersection of Kathy Meyer Road with Fuller Hill Road. However, Fuller Hill Road is gravel and Appellant asserts that it is steep, winding, and subject to difficult driving conditions in the winter months. Appellant drives past the proposed intersection of the subdivision roadway with Fuller Hill Road on a daily basis. She maintains that any increase in traffic on the road will increase the degradation of the road surface and affect her use of the road.

Motion to Dismiss for Lack of Standing

To bring an appeal, an appellant must have participated in the municipal regulatory proceeding by "offering, through oral or written testimony, evidence or a statement of concern" regarding the proposed project, 24 V.S.A. § 4471(a), and must also qualify as an "interested person" pursuant to 24 V.S.A. § 4465(b). In the present case Appellant asserts

"interested person" status under subsection 4465(b)(3).

Appellant participated in the portion of the September 19, 2007 meeting regarding the signing of the official mylar plat. She orally offered her statement of concern that the plat had been modified since the final subdivision approval. She did not offer that concern on behalf of the Conservation Commission, as the Conservation Commission's chairperson had already confirmed to the DRB that the mylar plat had incorporated the modifications required by the final subdivision approval. Appellant's participation, although slight, is sufficient to meet the requirements of 24 V.S.A. § 4471(a) for participation on her own behalf. In re Appeal of Carroll, 2007 VT 19, ¶ 15.

On the other hand, to satisfy 24 V.S.A. § 4465(b)(3) to bring an appeal as an individual, an appellant must own or occupy property "in the immediate neighborhood" of the proposed project, must be able to "demonstrate a physical or environmental impact on the person's interest under the criteria reviewed," and must allege that the DRB's decision or act, if upheld, "will not be in accord with the policies, purposes, or terms of the [municipal] plan or bylaw."

To determine whether a particular appellant is in the "immediate neighborhood" for the purposes of this analysis, the Court examines "not only the proximity of the appellant to the project on appeal, but also whether the appellant potentially could be affected by any of the aspects of the project which have been preserved for review on appeal." In re: Bostwick Road 2-Lot Subdivision, Docket No. 211-10-05 Vtec, slip op. at 2, 3 (Vt. Envtl. Ct., Feb. 24, 2006). See also In re Appeal of Stanak and Mulvaney, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct., Oct. 15, 2001) (citing In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., Aug. 3, 1995)).

Appellant owns or occupies property in the immediate neighborhood of the proposed project. Although Appellant will not be able to see the subdivision from her property, she uses the portion of Fuller Hill Road past the subdivision roadway on a daily

basis, and potentially could be affected by the increase in traffic due to the additional five dwellings in the subdivision, and by any further deterioration in the quality of the roadway in the segment of Fuller Hill Road between the subdivision roadway and Main Street.

However, Appellant does not assert this physical or environmental impact on her interest under the criteria reviewed. The criteria to be reviewed in the present appeal are found in Appellant's Statement of Questions, as the Court "'is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal.'" In re Jolley Associates, 2006 VT 132, ¶ 9, (quoting In re Garen, 174 Vt. 151, 156 (2002)); see also V.R.E.C.P. 5(f).

Appellant's Statement of Questions asks the Court to determine whether the plat as approved by the DRB is inconsistent with the conditions of its approval of the Subdivision Permit, and whether this inconsistency requires an invalidation of the plat approval. As is apparent from Appellant's Motion for Summary Judgment,[5] this inquiry relates to the deeryards or conservation restrictions as described in the Subdivision Permit. The Statement of Questions does not raise the issue of traffic, the condition of Fuller Hill Road, or the effect of the one on the other. Because Appellant has not asserted or "demonstrate[d] an impact on [her] interest under the criteria reviewed" she does not qualify as an interested person with standing to bring this appeal under §4465(b)(3).

Moreover, even if Appellant had standing to raise claims as to discrepancies with regard to deeryard limits between the unappealed Subdivision Permit and the final mylar of the subdivision plat, she does not allege that the DRB's approval of the final mylar "is not in conformance with the policies, purposes, or terms" of the municipal plan or zoning or subdivision ordinance. §4465(b)(3). Rather, she appears to be alleging only that the

---

[5] Briefing of this motion was postponed until after the present motions would have been decided.

final mylar does not adequately reflect the conditions of the subdivision approval. Therefore, Appellant lacks standing under the third criterion of §4465(b)(3) as well as the second.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss the appeal for Appellant's lack of standing is GRANTED, concluding this appeal.

Done at Berlin, Vermont, this 16th day of January, 2008.

_____
Merideth Wright
Environmental Judge