STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| In re: Chandler repair and home industry application (Appeal of Charles Chandler) | Docket No. 79-4-07 Vtec |

Decision and Order on Pending Motions

Appellant Charles Chandler appealed from a decision of the Development Review Board (DRB) of the Town of Newfane, denying his appeal of the Zoning Administrator's denial of his permit application. Appellant has appeared and represents himself; the Town is represented by Samuel H. Angell, Esq.

Appeal Caption and Applicable Rules

First, the parties are requested to use the Court's caption for this matter, or to request any alteration in the Court's caption. Although both parties have made reference to V.R.E.C.P. 3, this appeal does not fall within any of the listed categories of cases that are filed by summons and complaint to which that rule pertains. Rather, it is an appeal from a decision of the DRB, and falls within the provisions of V.R.E.C.P. 5.

Cross-Motions for Summary Judgment

The parties have each moved for summary judgment. The following facts are undisputed unless otherwise noted.

In the application that is the subject of this appeal, on December 10, 2006, Appellant applied for a zoning permit to "rebuild single family home located at above address, finish 12 x 60 shed and use or continue to use this location as a home industry. . . . I will be using

1

the majority of this location as my residence and my business as a secondary use." It was treated as a complete application on January 8, 2007.

The Zoning Administrator denied the application on January 17, 2007, stating in the section entitled "explanation" as follows:

> Your application was denied for the following: 4411 - lot coverage, 4410, home occupation 6100, site plan review, 7120 non conforming uses, 4330, sewage facilities - no health permit for establishment of a residential use has been issued and is prerequisite for issuance of a zoning permit[1]

Appellant appealed to DRB which convened a hearing on the appeal on April 10, 2007. Its decision denying the appeal stated the following reasons:

> 1. The [DRB] determined that a Site Visit was necessary to identify and understand the facts related to the appeal.
> 2. The Appellant chose not to consent to the DRB coming onto his property to conduct the site visit.
> 3. In the absence of a Site Visit the DRB had no basis for reversing the decision of the Zoning Administrator.

The DRB did not reach the merits of the application; the present appeal followed.

In the fall of 2005, Mr. John Feifel, who was then the Assistant Zoning Administrator and Health Officer for the Town, was authorized under an order from this Court to enter upon Mr. Chandler's property for the purpose of conducting an examination of the construction projects and improvements on the property. He conducted the site visit and prepared a sketch map and a report about the construction of the shed and about various dimensional measurements of and between the buildings. This report, initialed by Appellant and by Mr. Feifel, was entered in evidence in Docket No. 25-2-06 Vtec. While

---

[1] Although in previous appeals involving this property the Court had copies of the Zoning Bylaws including amendments through December of 2005, in the present case the Court has not so far been provided with the current bylaws and has not been informed as to whether or not they have been amended since that date.

the measurements taken during that site visit may still be accurate, because an application for a home industry on the property was not at issue at the time of that site visit, and because conditions on the property could have changed in the intervening two years, the DRB was entitled under 24 V.S.A. §4461(b) to require another site visit before ruling on an application that depends on the percentage use of the various buildings and the observation of the exterior conditions of the property, including any outside storage connected with the home industry. Accordingly, the DRB was within its authority to require a new site visit before proceeding to take further evidence on the application.

However, the fact that the DRB was within its authority to require a new site visit does not mean that Appellant's application should be automatically disapproved in this Court. Of course, it would be better practice for the DRB to rule on the merits of the application in the first instance, see, e.g., In re Maple Tree Place, 156 Vt. 494, 498–501 (1991); In re Jolley Associates, 2006 VT 132, ¶ 13, as Appellant may now be willing to arrange for the new site visit. Nevertheless, Appellant's appeal places his application before the Court de novo, and the Court will address the merits of the application if the case remains before the Court.

In addition, nothing presented to date in this appeal amounts to a showing of unlawful discrimination on the part of the Town with regard to the present application. See In re Letourneau, 168 Vt. 539, 548–50 (1998).

Motions to Stay Proceedings, regarding Discovery and to Clarify and to Quash Subpoena

On November 16, 2007, Appellant moved to stay the proceedings for thirty days so that he could offer the Town "another opportunity to view or photograph this property for the second time," and so that he could obtain discovery and depose the Zoning Administrator, the DRB members, and the clerk.

3

Appellant may at any time offer the opportunity for a site visit related to the merits of the application. However, the jurisdiction of Appellant's application is now before the Court. If Appellant and the Town now want to arrange for a site visit for the DRB, so that it may proceed to rule on Appellant's application, they may agree to (or the DRB may request) a remand under V.R.E.C.P. 5(i) to allow it to reach the merits of the application after the site visit. If a remand is ordered; the Court would waive the filing fee for a future appeal on the merits of the application.

On the other hand, to the extent that either party now wishes to pursue discovery related to the merits of this appeal before this Court, including any site visit, they must first discuss such discovery with each other (see V.R.C.P. 26 (h)), before bringing any requests to the attention of the Court. Any request for an order governing a site visit by the parties, such as the one issued in 2005, to enable the site visit to be conducted in an orderly fashion, may be made to the Court in connection with any motion for or agreement to remand.

It is important that the parties understand that if the appeal remains with this Court, any site visit to be conducted by the Court will be scheduled at the same time as the trial on the merits of the application.

Motion for Contempt, Sanctions and Costs

Appellant also seeks an order to hold the Zoning Administrator, the DRB members and the clerk in contempt and, in an affidavit, requests the Court to impose personal monetary sanctions and prohibit them from holding town office. However, none of the alleged statements or actions represents a violation of an order of this Court, for which this Court would have the authority to impose contempt or other sanctions; rather such claims are beyond the jurisdiction of this Court. Accordingly, Appellant's motions for contempt, sanctions, and costs must be DENIED.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED in Part as discussed above, in that the DRB had authority to decline to proceed with the application in the absence of a site visit; however, it is otherwise DENIED as that fact does not result in the denial of the application before the Court. Rather, as the application is de novo before the Court, we must proceed to consider the application on its merits, or consider any request to remand.

The motions to stay proceedings, quash the subpoena, and for contempt, sanctions, and costs, are DENIED either as moot or as beyond the jurisdiction of this Court, as discussed above. A telephone conference has been scheduled (see enclosed notice) to determine whether and when to set this matter for a hearing or whether the parties agree or the DRB requests a remand to take the site visit and rule on the merits of the application in the first instance.

Done at Berlin, Vermont, this 18th day of December, 2007.


_____
                    Merideth Wright
                    Environmental Judge