

**Environmental Court of Vermont**
**State of Vermont**

-------------------------E N T R Y  R E G A R D I N G  M O T I O N---------------

| | |
|---|---|
| Outdoors in Motion, Inc A250 Amendment | Docket No. 208-9-06 Vtec |
| Project:    Outdoors in Motion, Inc. | |
| Applicant:   Outdoors in Motion, Inc. | |
| (Appeal from Act 250 District Commission) | |

Title: Motion for Summary Judgment, No. 1
Filed:    October 23, 2006
Filed By: Goss, James P.W., Attorney for:
          Appellant Outdoors in Motion, Inc.
          Appellant Downing Properties LLC

  __X__  Granted              Denied                  Other

This appeal is from a denial of the application filed on behalf of Appellants Outdoors in Motion, Inc. and Downing Properties, LLC ("Appellants") to amend their pre-existing Act 250 Permit (#1R0082, as amended) to allow for increases and relocations of signs at Appellants' recreational vehicle sales and service store on the southeast side of U. S. Route 4 in Rutland Town. The District Environmental Commission #1 (District Commission) concluded that Appellants' proposed sign additions and alterations would cause an undue adverse impact upon the aesthetics of the neighboring area and would therefore not be in compliance with 10 V.S.A. § 6086(a)(8), commonly referred to as Act 250 Criterion 8. This is the sole determination that Appellants preserved for this Court to review on a de <u>novo</u> basis in this appeal, pursuant to 10 V.S.A. §§ 6089 and 8504 and V.R.E.C.P. 5(a)(1). See also V.R.E.C.P. 5(f).

Appellants filed a motion, requesting that this Court enter summary judgment and dispose of the need for a trial in this appeal. No other party has appeared in this proceeding and no party has filed an objection to Appellants' pending motion. Nonetheless, we must review the material facts and may only grant Appellants' motion if we determine that the applicable law directs that Appellants are entitled to judgment. <u>In re Appeal of Jolley Associates,</u> 2006 VT 132, ¶ 9, quoting <u>In re Garen,</u> 174 Vt. 151, 156 (2002).

In that light, we note that Appellants' property is situated amongst a number of retail and commercial facilities, some smaller and some much larger than Appellants' store. Some examples include a Home Depot, Nationwide Insurance office, Best Western hotel, Premier Homes real estate office, Allen Pools and Spas and the Mendon Country Store. See Appellants' Exhibit 6. All these facilities have at least one on-site sign for advertisement; some have several. Some properties have several separate businesses on each site; some have one business on site. Appellants have one business on their property, from which they offer for sale to the general public several different types of recreational vehicles, including ATVs, cruiser-type motorcycles and mobile residence-type recreational vehicles. Of the 64 examples of businesses Appellants list in Exhibit 6 within an approximate 2-mile span of either side of Route 4, Appellants' property is in the middle. Thus, we conclude that Appellants' commercial use of their property, including signage, is in character with the neighboring area.

While Appellants currently use multiple signs on their property, such signs are not in violation of their current permit. Thus, our present review is limited to the changes that Appellants' amendment application suggests. See <u>In re Taft Corners Assoc.,</u> 160 Vt. 583, 593 (1993) and <u>Walker Construction,</u> Inc., Docket No. 5W0816-1-EB, Findings of Fact, Conclusions of Law and Order at 8 (Vt. Envtl Bd., Jan. 14, 1987). Applicants propose four changes to their signage:

(1) relocate the existing "Outdoors In Motion" sign from the center of the building's front to the left
     edge of the building's front;

(2) replace a smaller "Polaris" snowmobile sign, currently on the right side of the building's front, with a much larger "Polaris" sign (30" by 21') that would be mounted on the building's front roof, just above the eaves and centered on the front doorway;

(3) install a new "Victory" motorcycles sign, measuring 4' x 8', in between two ground-mounted pylons in front of the building; and

(4) periodically install (a) temporary signs, measuring up to 3' x 4', on the building's front to advertise open houses and special promotions, and (b) erect an outside tent during four open houses to be held for two weeks at the beginning of the four principal selling seasons during each calendar year.

In determining compliance with Criterion 8, we receive guidance from both our Supreme Court and the former Environmental Board in their respective decisions: <u>In re Quechee Lakes Corporation,</u> 154 Vt. 543 (1990) and <u>In re Quechee Lakes Corporation,</u> Docket No. 3W0411-A-EB, Findings of Fact, Conclusions of Law and Order (Vt. Envtl Bd., Nov. 4, 1985). This precedent has come to be commonly known as the <u>Quechee Lakes</u> test and contains a two-step analysis. The district commission in the first instance, and this Court on appeal, must first determine whether the proposed project is "adverse," that is, whether it is in harmony with its surroundings, from an aesthetic perspective. If the determination is made that the project would be aesthetically adverse, a determination must then be made as to whether the anticipated adverse aesthetic impacts are "undue."

We conclude that we need not go through the full <u>Quechee Lakes</u> analysis here because the undisputed material facts presented to us show that while Appellants intend to add large signs to their property, such is not inharmonious to the aesthetic character of this section of Route 4. The proposed new "Polaris" sign will be 2'/z' x 21', but is replacing a smaller "Polaris" sign, of similar color, also presently located on the front of Appellants' building. The Court is familiar with this section of Route 4, having frequently traveled this area. The Court's familiarity helps put in context the uncontested evidence Appellants submitted. The sign additions Appellants propose for their property do not represent a significant departure from the signs already permitted and installed on Appellants' property and in evidence at neighboring properties. We conclude that Appellants' additions and alterations of signs and periodic addition of a display tent is in character with this commercial section of West Rutland.

For all these reasons, we do hereby GRANT Appellants' summary judgment motion. This Entry Order shall also serve as the Judgment Order, pursuant to V.R.C.P. 58. In light of the sole issued raised in this appeal, we decline to remand this matter to the District Commission, but rather issue the Amended Permit that accompanies this Entry Order, all within the discretion afforded this Court by V.R.E.C.P. 5(j). This Order concludes the current proceedings before this Court.

<br>

                                                             \_\_\_\_\_ <u>December 26, 2006</u> \_\_\_

Thomas S. Durkin, Environmental Judge                                               Date

<br>

Date copies sent: \_12/26/06\_                                     Clerk's initials: \_DCC\_ .

Copies sent to:

Attorney James P.W. Goss for Appellants Outdoors in Motion, Inc. and Dowling Properties, LLC
Vermont Natural Resources Board (FYI purposes only)