STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Fenoff Accessory Dwelling Unit | } | Docket No. 196-9-08 Vtec |
| (Appeal of Fenoff) | } | |
| | } | |

Decision and Order on Town's Motion for Summary Judgment

Appellant-Applicants Charles R. Fenoff, Jr. and Kathy Fenoff (Applicants) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Westmore, denying their application for approval of an accessory dwelling unit. Applicants are represented by Charles D. Hickey, Esq.; and the Town is represented by John H. Klesch, Esq. The Town has moved for summary judgment. The following facts are undisputed unless otherwise noted.

Applicants own property at the address of 104 Stoney Brook Lane, in the Town of Westmore. The property is located between Stoney Brook Lane and Stoney Brook (also known as Doring Brook), a year-round stream. It is a long, narrow corner lot that also has frontage at its westerly end on Vermont Route 5A. The property was composed of three undersized lots (referred to in several of the ZBA decisions in this matter as Lots 6, 7, and 8 of a prior subdivision) which have been deemed to have merged into an approximately 0.95-acre lot, which complies with the minimum required lot size of 40,000 square feet. § 204 and Table 201 of the 2006 Zoning Bylaw.[1]

Due to the course of the brook, the property is only approximately thirty feet wide at its narrowest point. The northerly end of the property contains an existing house (the house) and wastewater system. The southerly end of the property contains a

---

[1] All references to section numbers are to the 2006 Zoning Bylaw of the Town of Westmore, unless otherwise noted.

garage and storage building (the accessory building) for which Applicants received a variance in April of 2006.

In September of 2004 Applicants had first applied to build the accessory building, described as a 28' x 36' wood building on a concrete slab. They proposed its use to be a garage downstairs and a dwelling unit upstairs. The ZBA denied the application for failure to comply with the required setbacks. In connection with later proceedings, Applicants were required to and did remove the wastewater system that had then been installed to serve the building.

Although Applicants appealed the ZBA's denial decision to the Environmental Court in Docket No. 9-1-05 Vtec, that appeal was placed on inactive status to allow Applicants to apply for a variance for the construction of the building. The ZBA's initial denial of the variance was appealed in Docket No. 199-9-05 Vtec, and both it and Docket No. 9-1-05 Vtec were remanded to the ZBA based on newly-discovered information about the width of the road.

On remand, the ZBA granted a variance for the as-built construction of the accessory building as a garage/storage building only. The ZBA's April 2006 variance decision denied the application for the accessory dwelling unit as follows, in ¶ 5 of the Conclusions of Law:

> The ZBA concludes that the wastewater system constructed in . . . 2004 . . . is not in conformance with Section 315.3 of the Westmore Zoning Bylaw in that it is less than 100 feet from the high water level of Doring Brook also known as Stoney Brook. For this reason, the ZBA concludes that an accessory dwelling unit requiring water and sewer disposal systems should not be permitted on Lot #8.

The ZBA imposed conditions, including that the structure was to be used solely as a garage/storage building, that it could not be used for living quarters, that it was not to be served by a water supply or toilet facilities, and that the wastewater disposal system

2

was to be disconnected and the tank removed. The April 2006 variance decision was not appealed and became final. 24 V.S.A. § 4472(d).

As built, the building is located at a slight angle to, and approximately 20 feet from, the edge of the Stoney Brook Lane right-of-way, as measured by scale on the plan.[2] The required setback from the road is 25 feet to the road right-of-way. § 204, Table 201, regarding shoreline lots. The building is located at an angle to Stoney Brook, so that its distance from the brook, also as measured by scale on the plan, ranges from approximately 35 feet at its nearer (southwesterly) corner to approximately 40 feet from the brook at its farther (southeasterly) corner. The required setback from the brook is 50 feet from the mean water line. § 204, Table 201; § 316.1(A)(b). The additional required setback and other characteristics of septic systems, in relation to the brook, are found in § 316.3.

The state statute provides for accessory dwelling units within or appurtenant to owner-occupied, single-family dwellings, and allows municipalities to be less restrictive of and require conditional use review for accessory dwelling units in certain circumstances. 24 V.S.A. § 4412(1)(E),(F). The Town's Zoning Bylaws were amended, effective in late June of 2006, to provide for such accessory dwelling units.

Section 319.1 allows the ZBA to approve an accessory dwelling unit that is appurtenant to an owner-occupied single-family dwelling as a permitted use. The criteria for consideration include, in § 319.1.1, that "[t]he property" has sufficient wastewater capacity. Section 319.2 further requires conditional use approval of such an accessory dwelling unit if it involves, in § 319.2.4, "[c]onversion of an existing structure which does not meet the setback requirements of these bylaws."

---

[2] The various ZBA decisions recite that the building is located 23½ feet from the edge of the road right-of-way, and that it is located 24½ feet from the brook at its southeasterly corner and 43 feet from the brook at its southwesterly corner. No evidence has yet been presented in the present case regarding how the measurements of the various setbacks were made.

3

In August of 2006, Applicants applied to install an accessory dwelling unit in the building, as a permitted use under § 319.1, but recognizing that the application might require conditional use approval under § 319.2. The August 2006 application proposed an on-site mound septic system to be located closer than the required setback distance to Stoney Brook Road. The cover letter described the septic system as "now qualif[ying] under Option 2 of Section 316.3." The ZBA denied this application in November of 2006 because the mound septic system failed to meet the required setback from the road for a structure, and because the building setbacks were not met.

In its decision, the ZBA specifically ruled that the variance allowing the as-built construction of the building had only authorized the storage and garage use of the building, which it characterized as a "less intense use" than the requested accessory dwelling unit. The November 2006 ZBA decision was appealed to the Environmental Court in Docket No. 280-12-06 Vtec. However, the Court's decision on summary judgment in that appeal was vacated and the appeal was dismissed at the request of the parties on January 16, 2009.

Meanwhile, on June 2, 2008, Applicants had applied for the present proposal which involves connection of the proposed accessory dwelling unit to the water system and waste disposal system serving the existing house on the property. Under § 319.1.1, Applicants will have to show that the property as a whole has sufficient wastewater capacity. The proposed underground pump station, required to pump the wastewater from the proposed accessory dwelling unit through underground piping uphill to the existing septic system for the house, is located underground 25 feet from the road right-of-way, but approximately 44 feet from the brook. Due to the narrowness of the property, the proposed underground pipes providing water from the well, and conducting wastewater to the existing septic system near the existing house, are located within the road setback, the brook setback, or both.

4

<u>Successive Application</u>

The present application for approval of an accessory dwelling unit in the building is a successive application. See 24 V.S.A. § 4470(a);[3] <u>In re Jolley Associates</u>, 2006 VT 132, ¶ 12, 181 Vt. 190.

However, Applicants are allowed to make this successive application for two reasons. First, the Town's Zoning Bylaws applicable to accessory dwelling units were amended, after the April 2006 variance decision, to allow an applicant for an accessory dwelling unit to demonstrate that the property has sufficient wastewater capacity, and, if the unit is in a building that does not meet the setback requirements, to demonstrate that it meets the conditional use criteria in the Bylaws. Applicants are entitled to present evidence to meet their burden of showing that the new application satisfies the changed bylaw criteria. The fact that the August 2006 application also sought to meet those changed bylaw criteria does not preclude the present application, because the <u>de novo</u> appeal of that application was vacated and dismissed by agreement of the parties, and the present application proposes a different wastewater system than did the August 2006 application.

Second, Applicants have has changed the application from the August 2006 application, which proposed requiring a new, separate above-ground septic system within the roadside setback. The present application addresses the concerns as to setbacks that prevented approval of the August 2006 application by now proposing to connect the accessory dwelling unit to the existing septic system that serves the existing house, rather than to install a new septic system to serve the accessory building.

---

[3] Section 4470(a) allows, but does not require the ZBA (or this Court in this <u>de novo</u> appeal) to "reject an appeal without hearing," if it involves substantially the same application.

5

Of course, this decision does not address the merits of whether the application can meet the conditional use standards or whether the property as a whole has sufficient wastewater capacity. It simply rules that the merits of this successive application may be presented to the Court.

<u>Amendment of 2006 Variance Decision</u>

However, the "existing building" that fails to meet the setback requirements of the Bylaws was approved in its as-built location according to the terms of a variance from the setback provisions of the Bylaws. The April 2006 variance decision was not appealed and became final. 24 V.S.A. § 4472(d).

Although such unappealed decisions may not be challenged, "they may be amended in appropriate circumstances." <u>In re Hildebrand</u>, 2007 VT 5, ¶¶ 11–12, 181 Vt. 568 (applying the so-called <u>Stowe Club Highlands</u> doctrine, developed in the Act 250 context, to a municipal land use decision). Such amendment may be appropriate due to "'changes in factual or regulatory circumstances beyond the control of a permittee; [due to] changes in the construction or operation of the permittee's project [that were] not reasonably foreseeable at the time the permit was issued; or [due to] changes in technology.'" <u>Id</u>. ¶ 7 (quoting <u>In re Stowe Club Highlands</u>, 166 Vt. 33, 38 (1996)).

Because the conditions of the April 2006 variance decision preclude the use of the structure as a dwelling unit, or its service by water supply and sewage disposal, the present application requires an amendment to the April 2006 variance decision as well as approval under § 319 and as a conditional use. No amendment application has yet been made, so that it is not yet before the Court. <u>In re Torres</u>, 154 Vt. 233, 235–36 (1990). It must be for the ZBA in the first instance to determine whether the June 2006 amendment to the Bylaws, allowing an accessory dwelling unit in an existing structure through "[c]onversion of an existing structure which does not meet the setback requirements of these bylaws," § 319.2.4, is a sufficient change in regulatory

6

circumstances to revisit the conditions of the variance, or whether any other regulatory change warrants amendment of the variance. Similarly, it must be for the ZBA in the first instance to determine whether the change in the proposal to use the existing septic system to serve both the existing house and the accessory dwelling unit was or was not reasonably foreseeable at the time that the variance decision was made, sufficient to revisit the conditions of the variance, or whether any other factual change warrants amendment of the variance.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is DENIED in PART, in that Applicants may present the merits of the successive application to the Court, and is GRANTED in PART, in that Applicants also must apply to the ZBA to amend the conditions of the unappealed April 2006 variance decision, before that application could be considered by this Court.

A telephone conference has been scheduled (see enclosed notice), to discuss mediation and the scheduling of further proceedings in this case.

Done at Berlin, Vermont, this 3rd day of September, 2009.

_____
Merideth Wright
Environmental Judge