STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 103-9-16 Vtec

## Morrisville Hydroelectric Project Water Quality

### SUMMARY JUDGMENT DECISION

This decision follows our June 13, 2017 decision in this matter to address American Whitewater and Vermont Paddlers' Club's (AW/VPC) Question 1. For the reasons set out below, and pursuant to V.R.C.P. 56(f), we hereby **GRANT** summary judgment to ANR on AW/VPC Question 1.

AW/VPC Question 1 asks "[w]hether [ANR] waived issuance of a Water Quality Certification for the [Project] by failing to act on the application for Water Quality Certification . . . within one (1) year of receiving an application, in accordance with Section 401(a)(1) of the Clean Water Act, 33 U.S.C. § 1341(a)(1)."

On February 3, 2017, the Agency of Natural Resources filed a motion to dismiss AW/VPC Question 1, and AW/VPC filed a motion for summary judgment on its Question 1. In our June 13, 2017 decision we denied both motions. Morrisville Hydroelectric Project Water Quality, No. 103-9-16 Vtec, slip op. at 27 (Vt. Super. Ct. Envtl. Div. Jun. 13, 2017) (Walsh, J.). We explained in that decision that, based on the undisputed facts on the record before us, we are inclined to grant summary judgment in favor of ANR on AW/VPC Question 1. Id. at 11. However, because ANR had not moved for summary judgment on Question 1, we gave the parties 30 days to file additional material in support of, or against, the Court granting summary judgment on Question 1 in favor of ANR. Id. at 11, 27.

More than thirty days have since passed, and the parties have submitted no filings regarding AW/VPC Question 1. With no additional input from the parties, we repeat our analysis of AW/VPC Question 1 as set out in our June 13, 2017 decision.

### I. Findings of Fact

We recite the following facts solely for the purpose of ruling on this motion.

1. On April 22, 2013, Craig Myotte, Manager of MWL, sent an email to Jeff Crocker at ANR with a § 401 certification application attached. In the email, Mr. Myotte states, "I would appreciate it if you could review the document to see if it meets the ANR's requirements." The attached application is signed by Mr. Myotte, and dated April 19, 2013.

2. On April 22, 2013, Mr. Crocker responded by email, stating that the § 401 certification application "will meet ANR requirements." He notes that the application has the incorrect ANR address on it, further notes that he is in the process of updating ANR's new address on the web site, and that "the application I sent you via email has the correct address. I just want to make sure you send the application to the Montpelier address."

3. On April 25, 2013, MWL applied to FERC for a license. An exhibit to the application states that MWL "has filed an application for Water Quality Certification with [ANR]."

4. On June 14, 2013, FERC sent a letter to Mr. Myotte indicating that MWL's FERC application had a number of deficiencies. On November 5, 2013, FERC issued notice that a complete application had been filed.

5. On January 15, 2014, FERC sent a letter to Mr. Myotte indicating that MWL was one week overdue in filing either a copy of a § 401 certification; a copy of the request for § 401 certification, including proof of the date the certifying agency received the request; or evidence of a waiver of the § 401 certification.

6. On January 30, 2014, Mr. Crocker forwarded his April 22, 2013 email to Mr. Myotte, stating "Here was my response to your initial email in April indicating that you would need to mail a hard copy" of the § 401 certification application to ANR.

7. Later that same day, Mr. Myotte emailed a § 401 certification application, dated January 30, 2014, to Mr. Crocker. In a response email, Mr. Crocker indicated that the application looked complete, adding "Typically you would mail a copy of the application to us for processing and we issue a letter to you acknowledging its receipt and that it is complete. I can accept the electronic copy of the application since your Final license application has been deemed complete by FERC, and will issue a letter that we have receive[d] the application."

8. A short time later, Mr. Crocker emailed Mr. Myotte, asking him to revise the application to include the Lake Elmore Development, which Mr. Myotte did and sent back to Mr. Crocker. The revised application is also dated January 30, 2014.

9. On February 3, 2014, Mr. Crocker sent a letter to Mr. Myotte acknowledging the receipt of the § 401 certification application on January 30, 2014.

10. On February 4, 2014, MWL filed with FERC the January 30, 2014 § 401 certification application and February 3, 2014 acknowledgement from ANR.

11. On November 7, 2014, Mr. Myotte sent a letter to ANR via email stating that MWL was withdrawing its January 30, 2014 § 401 certification application and simultaneously re-applying for § 401 certification.

12. In a September 9, 2015 letter to ANR, MWL stated that it was withdrawing its November 7, 2014 application and re-applying for § 401 certification.

13. ANR issued the § 401 certification on August 9, 2016.

## II. Discussion

We grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). "In determining whether there is a genuine issue as to any material fact, we will accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted). In this case, AW/VPC and ANR have both submitted affidavits and other evidentiary material to support their statements of facts and responses.

AW/VPC contends that Mr. Myotte emailed the § 401 certification application dated April 19, 2013 to Mr. Crocker on April 22, 2013 intending it to be accepted as a complete application by ANR. ANR disputes this and characterizes the April 22, 2013 email as a preliminary communication between ANR and MWL to allow MWL to receive feedback on its § 401

3

certification application. ANR argues that a formal application was not submitted until January 30, 2014.

On the record now before us, we are unable to conclude that the undisputed material facts entitle AW/VPC judgment as a matter of law on its Question 1. Instead, the evidence supports ANR's interpretation of events.

While somewhat vague, the April 22, 2013 email communication from Mr. Crocker suggests that a complete application must be sent by regular mail to ANR. There is nothing in the record indicating that this was done at that time.

In addition, the April 19, 2013 application was incomplete, as it did not include the Lake Elmore Development. The second version of the January 30, 2014 was complete, as it did include this part of the Project. See In re Keystone Dev. Corp., 2009 VT 13, ¶ 5, 186 Vt. 523 (mem.) (explaining that "a permit applicant gains a vested right in the governing regulations in existence when a full and complete permit application is filed") (citing Smith v. Winhall Planning Commission, 140 Vt. 178, 182 (1981)).

Furthermore, MWL and ANR have conducted themselves in a manner consistently demonstrating that both parties believed the § 401 certification application was submitted on January 30, 2014. When FERC asked MWL for information on the status of the § 401 certification on January 15, 2014, MWL did not send FERC the April 19, 2013 § 401 certification application or the April 22, 2014 communication with MWL to support an assertion that its application had been filed at that time. Nor did MWL contact ANR for information on the status of the April 19, 2013 application. Instead, MWL submitted the January 30, 2014 application to ANR and then sent documents to FERC stating that the application was submitted on January 30, 2014. On November 7, 2014, MWL withdrew its January 30, 2014 application and simultaneously re-applied. In later withdrawals, MWL again referred to the application as being originally submitted on January 30, 2014. Throughout this entire course of events, both MWL and ANR treated the January 30, 2014 application as the official and complete application.

Notably, while MWL has appealed parts of the § 401 certification, it does not argue that the § 401 certification is invalid for failing to comply with the one-year timeline. MWL has not weighed in on AW/VPC's Question 1.

For these reasons, we conclude that MWL submitted its § 401 certification application on January 30, 2014, and that, in light of subsequent withdrawals and re-applications, ANR complied with the one-year timeline in Section 401. We therefore grant summary judgment in favor of ANR on AW/VPC Question 1 pursuant to V.R.C.P. 56(f).

So ordered.

**Electronically signed on July 20, 2017 at 03:37 PM pursuant to V.R.E.F. 7(d).**

Tom Walsh

Thomas G. Walsh, Judge
Superior Court, Environmental Division

4

Notifications:

Gregory M. Eaton (ERN 1720), Clara E. Conklin (ERN 7978), Attorneys for Appellant Morrisville Water & Light Dept

Leslie A. Welts (ERN N/A), Jennifer S. Duggan (ERN 7163), Attorneys for Interested Person Agency of Natural Resources

Daniel P. Richardson (ERN 1502), Ryan P. Kane (ERN 6705), Attorneys for Cross Appellant American Whitewater & VPC, Inc

Interested Person Barrett M. Singer

Interested Person Christine Hallquist

Anthony L. Iarrapino (ERN 4781), Attorney for Friends of Green River Reservoir

For Informational Purposes Only Michael J. Wickenden

Jon Groveman (ERN 5336), Attorney for Cross Appellant Vermont Natural Resources Counci

Robert J. Carpenter (ERN 8064), Attorney for Cross Appellant VT Council of Trout Unlimited

Interested Person Town of Morristown